**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JINSUO GONG,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 10-73576

Agency No. A097-859-317

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2014
Pasadena, California

Before: REINHARDT, NOONAN, and MURGUIA, Circuit Judges.

Petitioner Jinsuo Gong petitions for review of a final order of removal of the

Board of Immigration Appeals (BIA).  We have jurisdiction under 8 U.S.C.

§ 1252, and we grant the petition.

Gong seeks asylum, withholding of removal, and relief under the

Convention Against Torture (CAT) on the basis that he fears persecution for trying

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to prevent the local government in China from appropriating his land without providing fair compensation. An immigration judge (IJ) denied relief, and the BIA dismissed Gong's appeal, finding that (1) Gong had established no nexus between the harm he suffered and any protected ground, and (2) even if a presumption of a well-founded fear of future persecution had arisen, the Government had rebutted that presumption by establishing a fundamental change in country circumstances.

We review the BIA's findings for substantial evidence. *See Kamalyan v. Holder*, 620 F.3d 1054, 1057-58 (9th Cir. 2010); *Navas v. INS*, 217 F.3d 646, 661 (9th Cir. 2000). Because the BIA assumed that Gong's testimony was credible, we do the same. *See Barraza Rivera v. INS*, 913 F.2d 1443, 1450 (9th Cir. 1990).

Substantial evidence does not support the BIA's determination that there was no nexus between the harm Gong endured and an imputed political opinion. When Gong was arrested for interfering with the government's exercise of eminent domain, local police beat him to the point of unconsciousness after asking why he opposed and made trouble for the local government. In other words, the police imputed to Gong a political opinion when they believed he sought to challenge the local government. *Cf. Baghdasaryan v. Holder*, 592 F.3d 1018, 1021, 1024, 1026 (9th Cir. 2010) (concluding that petitioner suffered harm due to his political opinion when militia beat him and accused him of "defaming" and "raising his

2

head" against a corrupt general); *see also Li v. Holder*, 559 F.3d 1096, 1109 (9th Cir. 2009) (observing that "disproportionately severe punishment" can transform an ordinary prosecution into persecution (internal quotation marks omitted)). Further, the record offers no reason other than the imputed political opinion for the police beating, as opposed to the arrest. *See Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir. 1997) (noting that harm is "on account of" a political opinion when persecutors announce as much or "when there is no other logical reason for the persecution"). The same is true for the beating Gong endured at the hands of the six unidentified assailants, who threatened and attacked him after he tried to report his situation to a higher level of government. Accordingly, the record compels the conclusion that Gong was harmed on account of an imputed political opinion. *See id.*

In addition, none of the reasons given by the BIA for finding a fundamental change in circumstances, standing alone or taken together, supports its determination that any presumption of a well-founded fear of persecution has been rebutted. For example, the BIA took into account the fact that the transaction–the transfer of Gong's property to the Chinese government in exchange for money–had been completed, but the completion of the transaction predated the attack on Gong by the unidentified assailants and thus cannot support a finding of a fundamental

3

change in circumstances. As another example, the BIA noted that Gong had been able to return to China for six weeks and "reside openly." However, Gong testified that his return trip was clandestine, and nothing in the record supports the BIA's finding to the contrary. Similarly, no evidence in the record supports the BIA's observation that Gong's children had remained in China without suffering harm. The remaining considerations–primarily that Gong was able to travel using a passport issued to him by the Chinese government–are insufficient to constitute substantial evidence to support a finding of a fundamental change in circumstances. *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1137 (9th Cir. 2004) ("A petitioner's ability to escape her persecutors does not undermine her claim of a well-founded fear of future persecution, even when she succeeds in obtaining government documents that permit her to depart.").

We therefore grant the petition for review, so that the BIA may address other issues pertinent to whether Gong is eligible for asylum, withholding of removal, or protection under the CAT, including but not limited to Gong's credibility and

whether the harm he suffered on account of an imputed political opinion rose to the

level of persecution.[1]

**PETITION GRANTED.**

---

[1] Gong also contends that the transcript from the hearing before the IJ is deficient.  His challenge is best framed as a due process claim that the inadequacy of the transcript precluded an informed review of the IJ's decision by the BIA and precludes an informed review of the BIA's decision by this Court. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143-44 (9th Cir. 2004) (recognizing potential due process claim for inadequate transcription). However, a due process claim regarding a procedural error must be exhausted before it can be presented to this Court. *See* 8 U.S.C. § 1252(d)(1).  Gong did not exhaust his due process claim, and thus we lack jurisdiction to consider it.  *See Singh*, 367 F.3d at 1143 n.1.